UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
       **JUDGE**

LETTER OPINION

June 27, 2006

Frank J. Fasano
113 Pacific Street #1
Newark, NJ 07105

   *(Plaintiff, pro se)*

James B. Clark, III
Office of the US Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

   *(Attorneys for Defendant)*

   **Re:**   *Fasano v. United States, et al.*
             **Civil Action No. 05-5874 (WJM)**

Dear Litigants:

   This matter comes before the Court on the motion to dismiss filed by Defendants and the cross-motion for summary judgment filed by pro se Plaintiff Fasano.  For the reasons stated below, Defendants' motion is **GRANTED**, Plaintiff's motion is **DENIED**, and Plaintiff's Complaint is **DISMISSED**.

*Introduction*
   Pro se Plaintiff brings this suit for alleged violations of his civil rights based upon Defendants' refusal to allow Plaintiff's wife reentry into the country.  It is not clear from the

Complaint precisely under what domestic laws Plaintiff brings this action.[1]  In any event, for the reasons stated below, Plaintiff's claim is without merit.

*Facts*

Plaintiff's wife, Shirley Maia-Fasano, first came to the United States from Brazil in February 1996 on a visiting visa.  Sometime thereafter, she married and filed for an Adjustment of Status based on her marital status.  It appears she did not pursue the application, because in October 2001, it was denied for lack of prosecution.[2]  In February 2004, Maia-Fasano divorced her first husband, and in March 2004 married Plaintiff.  In April 2004, Maia-Fasano went to Brazil to visit her ailing mother and was subsequently denied reentry based on her illegal status.[3]

Plaintiff then filed for a waiver of the INS rules on Maia-Fasano's behalf, claiming extreme hardship as a result of his wife's exclusion.  In February 2005, the Department of Homeland Security ("DHS") office in Peru denied the application.  The Administrative Appeals Unit dismissed Plaintiff's appeal once in June 2005 and again in November 2005.  Now, Plaintiff claims his wife's exclusion amounts to a constitutional violation as well as violations of international law insofar as it denies him his right to be married.

*Analysis*

Under the INA, the Secretary of Homeland Security has discretion to permit a waiver of INA exclusion requirements for aliens.  *See* 8 U.S.C. § 1182(a)(9)(B).  Under the Act, a determination regarding waiver is within the exclusive jurisdiction of the DHS Secretary.  *Id.*  The Act further states that "[n]o court shall have jurisdiction to review a decision or action by the Attorney General [Secretary] regarding a waiver."  *Id.*  Thus, it appears that the Court has no jurisdiction to review the Secretary's decision to deny Plaintiff's waiver request.

---

[1] In his complaint, Plaintiff only cites generally to *Loving v. Virginia*, 388 U.S. 1 (1967), a constitutional claim brought under the Fourteenth Amendment.

[2] Plaintiff claims Maia-Fasano did not receive any of the Requests for Evidence sent by the Government in connection with this petition because they were mailed to her first husband, from whom she separated in 1998.

[3] Section 212(a)(9) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(9), provides, in pertinent part:
> (i) In general. - Any alien (other than an alien lawfully admitted for permanent residence) who-
>> (I) has been unlawfully present in the United States for one year or more and who again seeks admissions within 10 years of the date of such alien's departure or removal from the United States, is inadmissible.

Plaintiff does not argue to the contrary. Instead, he argues that his Complaint is brought pursuant to the Constitution and international law rather than the INA.[4] Specifically, Plaintiff claims that because the Constitution and international law protect the right to marry as a basic civil right, the Secretary's refusal to allow his wife into the country amounts to a violation of both. (Pl.'s Br. 10-13.)

Plaintiff's argument is without merit. As stated by the First, Second, and D.C. Circuits, exclusion of a spouse from this country does not interfere with the right to marry since the marriage remains intact even if the couple is physically separated. *See Noel v. Chapman*, 508 F.2d 1023 (2d Cir. 1975); *Silverman v. Rogers*, 437 F.2d 122 (1st Cir. 1970); *Swartz v. Rogers*, 254 F.2d 338 (D.C. Cir. 1958). The Court finds this reasoning persuasive. It further finds that the reasoning applies with equal force to the right to marry found in international law, assuming arguendo that the Court is bound by the treaties and resolutions cited by Plaintiff. Thus, whether the Court construes Plaintiff's Complaint as seeking a review of the denial of waiver or as alleging constitutional and international law violations, the claims fail.

*Conclusion*

For the reasons stated above, Defendants' motion is **GRANTED**, Plaintiff's motion is **DENIED**, and Plaintiff's Complaint is **DISMISSED**.

An appropriate Order accompanies this Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

---

[4] Plaintiff did not reference any international sources of law in his Complaint, although in his brief he cites to the United Nations Universal Declaration of Human Rights and a United Nations resolution.